PUTNAM TRUST COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 34743.   Promulgated July 19, 1932.

*George E. Elliott, Esq.,* and *Ralph E. Brush, Esq.,* for the petitioner.

*C. C. Holmes, Esq.,* for the respondent.

OPINION.

GOODRICH: Petitioner claims the right to deduct from its income for the year 1923, under the provisions of section 234 (a) (4) of the Revenue Act of 1924, the sum of $26,386.73 as a loss sustained upon its investment in stock of the Greenwich National Bank, having paid for the stock $241,003.79, and having received in liquidation thereof only $214,617.06 in cash. It seeks to confine the transaction to a purchase of stock at a price certain and the subsequent liquidation thereof for an amount certain, and the issue to a determination of the deductibility of the resulting loss in cash. Respondent, however, views the transaction as, in substance, a merger of the two banks and regards the so-called loss as an expenditure made in acquiring capital assets—the depositors accounts and good will— or in eliminating a competitor, or in protecting petitioner's own business. He seeks thus to enlarge the issue, and calls to our attention numerous decisions of this Board and of the courts holding that a deductible loss is not recognized in such transactions and that amounts expended for such purposes are not deductible from income.

It is conceded that a merger, as the term is defined in law, of petitioner and the Greenwich National Bank could not have been effected, since one was a state bank and the other a national bank, and that the two institutions were never affiliated. It is conceded also that the impelling motive for petitioner's participation in this transaction was the desire to stabilize the banking business and the depend-

ent financial situation in the community by liquidating, while it could be done without loss to its depositors, a bank which, while yet solvent, was not strong and was under serious threat of a liability which, if enforced, might so cripple the institution as to cause grave apprehension in business circles, resulting in dangerous embarrassment to the other banks in the city, including petitioner. It appears also that when the Greenwich National Bank was dissolved one of petitioner's competitors had been eliminated, and petitioner had gained a large number of depositor's accounts, the liability on which was covered by transferred assets, good, if not quick, in an amount equal to the accounts.

But, as we view it, this is not the usual case where capital assets are purchased from the owner for a consideration in excess of their value and the difference should be denied as a loss, *Continental Trust Co.*, 7 B. T. A. 539; *Washington State Bank*, 20 B. T. A. 33; *Union National Bank*, 18 B. T. A. 468; *Bank of Terrebonne and Savings Bank*, 19 B. T. A. 1286; *Dime Bank of Lansford, Pa.*, 20 B. T. A. 250; *Peoples National Bank*, 23 B. T. A. 815; nor where an expenditure made in eliminating a competitor should be denied as an operating expense, *Newspaper Printing Co.*, 17 B. T. A. 452; affd., 56 Fed. (2d) 125; *News Leader Co.*, 18 B. T. A. 1212; *Dime Bank of Lansford, Pa.*, *supra*; nor where expenditures made in protecting one's business or property should be added to capital account, *William G. Park, Executor*, 22 B. T. A. 1263; affd., 58 Fed. (2d) 965; *B. Estes Vaughan*, 17 B. T. A. 620; *Seufert Bros. Co.*, 14 B. T. A. 1023.

Here, petitioner, first through a syndicate acting for it, went out on the open market and purchased capital stock of the Greenwich National Bank, not from the bank itself, but from various individual owners of that stock, thus making an investment. True, after it had gained a controlling stock interest it entered into a contract with the Greenwich National Bank whereunder it assumed the liability for all the deposit accounts of that bank and took over assets, satisfactory to itself, of an equal amount. The transfer of such assets was expressed in the contract as the consideration for the assumption of the liability of the accounts, and petitioner paid nothing in the purchase of them. It purchased from the bank neither tangible nor intangible assets, nor a going business. Respondent does not allege that petitioner made a profit by the acquisition of the accounts, and the evidence before us is that at that time the accounts were of little value, if any, and that because of its condition the Greenwich National Bank had no good will of value. Therefore, in view of the express terms of the contract relative to the consideration for the transfer of the accounts and of the evidence before us respecting their

value, we can not agree that petitioner paid anything by way of bonus for their acquisition, or derived taxable profit thereof.

With respect to the remaining grounds urged as a basis for disallowance of the claimed loss, it suffices to point out that petitioner passed no consideration to the Greenwich National Bank for its agreement to refrain from engaging in the banking business, and it made no expenditure for the purposes of eliminating a competitor, since that purpose was not the motive and object of its purchase of the stock. Nor can it be said that petitioner's object was so directly to protect its own business or property as to make its investment an expenditure for that purpose. It was threatened with no direct liability or injury. It sought to avoid a possible crisis which might bring difficulty to itself as well as to the other bank, and the business concerns of the community, but such a purpose can not be enlarged to constitute an expenditure for the direct protection of one's business or property such as should be added to capital investment.

We conclude that petitioner's purchase of stock of the Greenwich National Bank should be treated as an investment and, since upon liquidation of the stock it received $26,386.73 less than the cost thereof, that amount should be deducted as a loss from its income for the year 1923. Cf. *Riggs National Bank*, 17 B. T. A. 615, affd., 57 Fed. (2d) 980.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*